# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MICHELLE M. WERLEIN,

      Plaintiff,                              CASE NO. 8:21-cv-02071

v.                                        <u>JURY TRIAL DEMANDED</u>

HUNTER WARFIELD, INC.,

      Defendant.

_____/

## COMPLAINT

NOW comes MICHELLE M. WERLEIN ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of HUNTER WARFIELD, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant resides in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

### PARTIES

4. Plaintiff is a consumer over 18 years of age.

5.   Defendant is a debt collector claiming to perform "efficient and effective third-party collections" and offer "award-winning service" to clients.[1]  Defendant is incorporated in the state of Florida with its principal place of business located at 4620 Woodland Corporate Blvd., Tampa, FL 33614. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis.

6.   Defendant is a "person" as defined by 47 U.S.C. § 153(39).

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

8.   The instant action stems from Defendant's attempts to collect upon a consumer obligation ("subject debt") said to be owed by Plaintiff.

9.   Upon information and belief, the subject debt stems from rent payments Plaintiff allegedly owed in or around 2011 to Lake Cove Apartments in connection with a residential lease.

10.  Plaintiff now resides in a different town and has a different job which is at a Target optical store.

11.  The store has a phone line for business use and for customers.

12.  Around July 2021, Defendant began placing collection calls to Plaintiff at her work phone in an attempt to collect upon the subject debt.

13.  Defendant has primarily used (833) 669-0172 when placing calls to Plaintiff's work line, but upon belief, Defendant has used other numbers as well.

14.  Upon information and belief, Defendant regularly uses the above referenced phone

---

[1] https://www.residentinterface.com/hunter-warfield

number in connection with its debt collection activities.

15.   Plaintiff never gave out her work number to Defendant nor gave permission to be contacted at work.

16.   When Plaintiff or co-workers pick up Defendant's call, Defendant hangs up without saying anything.

17.   When the call goes unanswered, the store voicemail machine would pick up after greetings indicating that the caller reached the Target optical shop.

18.   Defendant then leaves a pre-recorded voice message stating it is an important message from a debt collector and requesting a call back.

19.   Plaintiff's work phone is not her private line in that any co-worker on duty can check the messages.

20.   Additionally, when the work phone picks up incoming voice messages, the messages will be recorded live out loud so that the shop can hear what it is about.

21.   Defendant has been calling and/or leaving messages on a daily basis.

22.   Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding her rights, resulting in expenses.

23.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress in the very least associated with having her private information advertised in workplace, and numerous violations of her state and federally protected interests to be free from harassing and deceptive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25.   Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

27.   Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28.   Defendant identifies itself as a debt collector, and engages in a business the principal purpose of which is collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

29.   The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692c(a)(1) and § 1692d

30.   The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31.   Defendant violated §§ 1692c(a)(1), d, and d(5) when it kept calling Plaintiff at work when it knows and should have known that it did not have permission to call her at work let alone at this frequency. This repeated behavior of systematically calling Plaintiff without permission carries with it the natural consequence of harassing and abusing Plaintiff.

32.   More so, Defendant hangs up whenever someone picks up the phone – further indicating that Defendant knew it should not be calling this number and that Defendant intended to harass

and annoy so that Plaintiff would pick up contact.

33.   Further, leaving frequent pre-recorded messages on Plaintiff's work line asking for a call back to a debt collector is highly harassing and abusive, again indicating Defendant's intent to harass Plaintiff into complying.

**b.  Violations of FDCPA § 1692e**

34.   The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35.   In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).

36.   Defendant violated §§ 1692e and e(10) when it used deceptive and misleading means to collect and/or attempt to collect the subject debt such as calling and leaving messages on Plaintiff's work line. As stated above, Defendant knew or should have known that it had no permission to contact Plaintiff at work and to leave frequent messages on a general office phone. Through such conduct, Defendant deceptively and misleadingly represented to Plaintiff that it had the legal ability to contact her at work as it will when it did not.

**c.  Violations of FDCPA § 1692f**

37.   The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38.   Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff at work while having no permission to do so. Calling consumer at work and leaving messages about debt instills unwarranted public curiosity and causes anxiety to consumer regarding the publication of her sensitive private information.

Such contact and collection tactic is unfair and unconscionable and violates the FDCPA.

39.   As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff MICHELLE M. WERLEIN respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c.   Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d.   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 27, 2021                                  Respectfully Submitted,

                                                                          /s/Alejandro E. Figueroa
                                                                          Alejandro E. Figueroa, Esq.
                                                                          Florida Bar No. 1021163
                                                                          *Counsel for Plaintiff*
                                                                          Sulaiman Law Group, Ltd
                                                                          2500 S Highland Ave, Suite 200
                                                                          Lombard, IL 60148
                                                                          Telephone: (630) 575-8181 Ext. 120
                                                                          alejandrof@sulaimanlaw.com